## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

DAVID TABER,

      Plaintiff,

v.

CARGILL MEAT SOLUTIONS
CORPORATION D/B/A CARGILL
VALUE ADDED MEATS,

      Defendant.

Civil Action No. 11-5190-PKH

## STIPULATED PROTECTIVE ORDER

Upon the Unopposed Motion for Entry of a Stipulated Protective Order filed by Defendant, Cargill Meat Solutions Corporation d/b/a Cargill Value Added Meats, and in order to protect the confidentiality of confidential information obtained and/or disclosed by the parties in connection with this case (hereinafter, the "Parties"), the Court hereby enters this Stipulated Protective Order with the following terms and conditions as agreed to by the Parties:

1.    Disclosure and discovery activity in this matter is likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any other purpose than prosecuting this litigation may be warranted ("Confidential Information").

2.     Any party or non-party may designate as "Confidential" (by stamping the relevant page or other otherwise set forth herein) any document responsive to discovery which that party or non-party considers in good faith to contain certain information involving trade secrets, or confidential business or financial information, subject to protection under the Federal Rules of Civil Procedure or applicable state law.  Where a document or response consists of more than one page, the first and each page on which confidential information appears shall be so designated.

3.     Any party or non-party may also designate as "Highly Confidential – Attorneys Eyes Only" (by stamping the relevant page or otherwise set forth herein) any document responsive to discovery which that party or non-party considers in good faith to contain certain information involving proprietary trade secrets, or confidential business or financial information that requires heightened protection, subject to protection under the Federal Rules of Civil Procedure or applicable state law.  Where a document or response consists of more than one page, the first and each page on which confidential information appears shall be so designated.

4.     A party or non-party may designate information disclosed during a deposition or in response to written discovery by so indicating in said response or in the record at the deposition and requesting the preparation of a separate transcript of such material.  Additionally, a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information.  Any other party may object to such proposal, in

2

writing or on the record.  Upon such objections, the parties shall follow the procedures described in Paragraph # 11 below.  After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in Paragraph # 11 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

5.   All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for purpose of this case.

6.   Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, information and documents designated "Confidential" shall not be disclosed to any person other than:

(a)   counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b)   employees of such counsel;

(c)   individual defendants, plaintiff, class representatives, any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

(d)   consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or

3

given any Confidential Information and provided that if the party chooses a consultant or expert employed by Defendant CMS or one of its competitors, the party shall notify CMS (and, if applicable, the designating non-party) before disclosing any Confidential Information to that individual and shall give CMS an opportunity to move for a protective order preventing or limiting such disclosure;

(e)    any authors or recipients of the Confidential Information;

(f)    the Court, Court personnel, and court reporters; and

(g)    witnesses (other than persons described in Paragraph 6(e)). Any witness shall sign the Certification annexed as Exhibit "A" before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition in which the party who designated the Confidential Information is represented or has been given notice that the Confidential Information shall be designated "Confidential" pursuant to Paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies of the Confidential Information.

7.    Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, documents identified as "Highly Confidential – Attorneys Eyes Only" shall not be disclosed to any person other than:

(a)    counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b)    employees of such counsel;

(c)    consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or

4

given any Confidential Information and provided that if the party chooses a consultant or expert employed by Defendant CMS or one of its competitors, the party shall notify CMS (and, if applicable, the designating non-party) before disclosing any Confidential Information to that individual and shall give CMS an opportunity to move for a protective order preventing or limiting such disclosure;

(d)   any authors or recipients of the Confidential Information;

(e)   the Court, Court personnel, and court reporters;

(f)   court reporters or their staff and Professional Vendors to whom disclosure is necessary for purposes of this litigation and who have signed and executed the Certification annexed as Exhibit "A" to this Stipulated Protective Order;

(g)   witnesses (other than persons described in Paragraph 7(d), or individual parties or their employees). Any witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition in which the party who designated the Confidential Information is represented or has been given notice that the Confidential Information shall be designated "Confidential" pursuant to Paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies of the Confidential Information.

8.     Any persons receiving information or documents designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

9.     Without written permission from the Designating Party or court order secured after proper notice to all interested persons, no Party may file in the public record of this action any information or documents designated "Confidential" or "Highly

5

Confidential – Attorneys' Eyes Only".  Any party that seeks to file under seal any information or documents designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" must comply with the applicable Federal and Local Rules.

10.    A party may designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as "Confidential" although a document may lose its "Confidential" status if it is made public.

11.    If a party contends that any material is not entitled to "Confidential" treatment, or should be entitled to "Confidential" treatment rather than "Highly Confidential – Attorney's Eyes Only", such party may at any time give written notice to the party or non-party who designated the material.  The party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as "Confidential" or "Confidential – Attorney's Eyes Only". The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

12.    Notwithstanding any challenge to the designation of material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only", all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

6

(a)     the party or non-party claiming that the material is "Confidential" or "Highly Confidential – Attorneys' Eyes Only" withdraws such designation in writing; or

(b)     the party on non-party claiming the material is "Confidential" or "Highly Confidential – Attorneys' Eyes Only" fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c)     the Court rules the material is not "Confidential" or "Highly Confidential – Attorneys' Eyes Only".

13.     All provisions of this Order restricting the communication, dissemination or use of information or documents designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall continue to be binding and in full effect after the conclusion of this action, unless otherwise agreed upon or ordered.  Upon the conclusion of the litigation, a party in the possession of information or documents designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" other than that which is contained in any pleadings, correspondence and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon the consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

14.     If a Receiving Party learns that, by inadvertence or otherwise, that it has disclosed information or documents designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to any person or in any circumstance not authorized under this

7

Stipulated Protective Order, the Receiving Party must immediately notify in writing the Designating Party of the unauthorized disclosures, use its best efforts to retrieve all unauthorized copies of the information or documents designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only", inform the person or persons to whom the unauthorized disclosures were made of all terms of this Stipulated Protective Order, and request that such person execute Exhibit "A" of this Stipulated Protective Order.

15.     If a Producing Party gives notice to any Receiving Party that certain documents or information is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure established or may be established in any electronic discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and 503, insofar as the parties reach an agreement on the effect of disclosure of any communication or information covered by the attorney-client or work product privileges, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

16.     The terms of this Order do not preclude, limit, restrict or otherwise apply to the use of documents at trial, except that documents identified in or contemplated by Paragraphs # 2 and 3 must be submitted and entered into evidence under seal or subject to other appropriate precautions allowed by the court to prevent public disclosure.

17.     For any testimony given in deposition or any other pretrial or trial proceedings, the Designating Party may identify on the record, before the close of the deposition, hearing or other proceeding, all protected testimony and specify the level of

8

protection being asserted. When it is impractical to separately identify each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing or other proceeding is concluded), a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of testimony that are appropriately designated for protection within the 21 day period shall be covered by this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be designated as information or documents designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only".

18.     Parties shall give the others parties notice if they reasonably expect that a deposition, hearing or other proceeding will involve or include the use of documents and information designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to ensure that only authorized individuals who have executed Exhibit A to this Stipulated Protective Order are present at those proceedings. The use of any document designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" as an exhibit at any deposition shall in no way affect that document's designation as "Confidential" or "Highly Confidential – Attorneys' Eyes Only".

19.     Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of any party to seek relief from an inadvertent

disclosure of material protected from disclosure by any privilege or work product protection.

20.    Any witness or other person, firm or entity from which discovery is sought may be informed of and obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

21.    Nothing in this Order shall limit, abridge or otherwise affect the right of any person or party to seek modification of this Stipulated Protective Order in the future.

22.    By stipulating to the entry of this Stipulated Protective Order, no party waives any right(s) it would otherwise have to object to the disclosure or production of any item or document on any grounds not specifically addressed in this Stipulated Protective Order.  Similarly, no party waives any rights or objections to the use as evidence of any documents or information designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only".

Dated:  January ___, 2012          BRISTER LAW FIRM

                                   By: /s/ M. Sean Brister_____
                                        M. Sean Brister, Esq.

                                   P.O. Box 1451
                                   Alma, AR  72921
                                   Email:  sean@bristerlawfirm.com
                                   Telephone:  (479) 632-2446
                                   Facsimile:  (479) 632-2447

                                   and

                                   MARLER CLARK

10

David W. Babcock, Esq.
WSBA No. 31737
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Email: dbabcock@marlerclark.com
Telephone: (206) 346-1888
Facsimile: (206) 346-1898

Attorneys for Plaintiff

Dated: December ___, 2011          FRIDAY ELDREDGE & CLARK LLP

By: */s/ R. Christopher Lawson*
R. Christopher Lawson (93083)
3425 North Futrall Drive
Suite 103
Fayetteville, AR 72703-6252
Telephone:   (479) 695-1888
Facsimile:   (479) 695-2147

and

FAEGRE BAKER DANIELS LLP
Sarah L. Brew, MN #209958 *pro hac vice*
Kristin R. Eads, MN #275414 *pro hac vice*
Demoya R. Gordon, MN #0390245 *pro hac vice*
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 766-7000

Attorneys for Defendant Cargill Meat Solutions
Corporation

**IT IS SO ORDERED.**

1-12-2012
DATE

P.K. Holmes

UNITED STATES DISTRICT JUDGE

fb.us.7774705.03

11

## TABER V. CARGILL MEAT SOLUTIONS CORP.
## EXHIBIT A – CERTIFICATION TO PROTECTIVE ORDER

I, _____, hereby certify my understanding that Confidential Information is being provided to me pursuant to the Terms and Conditions of the Stipulated Protective Order dated _____, in the matter styled as *David Taber v. Cargill Meat Solutions Corporation d/b/a Cargill Value Added Meats*, pending before the United States District Court for the Western District of Arkansas, Case No. 11-5190-PKH. I have been given a copy of that Protective Order and have read it. I agree to be bound by all terms of the Stipulated Protective Order. I will not reveal the Confidential Information to anyone, except as allowed by the Protective Order. I will maintain all such Confidential Information – including any and all copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information – including any and all copies, notes and other transcriptions made therefrom – to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the Western District of Arkansas for the purpose of enforcing the Protective Order.

_____
Signature

_____
Printed Name

_____
Date

12